IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM E. CLEMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-364-GPM |
| | ) |
| BAXTER HEALTHCARE CORPORATION, HOSPIRA, INC., and ABBOTT LABORATORIES, INC., | ) ) ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The Court has reviewed sua sponte the allegations of federal subject matter jurisdiction contained in the complaint in this cause. *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) ("Jurisdiction is the . . . power to declare law, . . . and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (internal citation omitted). Plaintiff William E. Clemons brings this action seeking recovery for personal injuries he suffered allegedly as a result of using Vancomycin, a prescription medication manufactured and distributed by Defendants Baxter Healthcare Corporation ("Baxter"), Hospira, Inc. ("Hospira"), and Abbott Laboratories, Inc. ("Abbott"). Federal subject matter jurisdiction is alleged on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.

In general, federal courts have original subject matter jurisdiction in diversity in cases in which there is complete diversity of citizenship among the parties to a case and in which an amount in excess of $75,000, exclusive of interest and costs, is in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Leggitt v. Wal-Mart Stores, Inc.*, Civil No. 10-245-GPM, 2010 WL 1416833, at *1 (S.D. Ill. Apr. 5, 2010). Clemons, as the proponent of federal subject matter jurisdiction in this case, bears the burden of proof as to the existence of such jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) (citing *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)); *Deutsche Bank Nat'l Trust Co. v. King*, Civil No. 10-331-GPM, 2010 WL 1874472, at *1 (S.D. Ill. May 7, 2010); *Willis v. Greenpoint Mortgage Funding, Inc.*, Civil No. 09-593- GPM, 2009 WL 2475285, at *1 (S.D. Ill. Aug. 11, 2009).

For purposes of federal diversity jurisdiction, a natural person is a citizen of the state where he or she is domiciled, meaning the state where he or she is physically present with an intent to remain. *See Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996); *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 833 (S.D. Ill. 2006) (collecting cases). A corporation is, for diversity purposes, a citizen of both the state where it is incorporated and the state where it has its principal place of business, meaning the state where a corporation maintains its headquarters or nerve center. *See* 28 U.S.C. § 1332(c)(1); *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981); *Baker v. Johnson & Johnson*, Civil No. 10-283-GPM, 2010 WL 1802171, at *3 (S.D. Ill. Apr. 21, 2010) (citing *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95 (2010)).

It appears from the allegations of Clemons's complaint that the requisite complete diversity of citizenship exists between the parties to this case. Clemons is a citizen of Kentucky, while Baxter, Hospira, and Abbott are corporations incorporated under Delaware law with their principal places of business in Illinois and thus are citizens of Delaware and Illinois for diversity purposes. However, Clemons's complaint is entirely silent as to the amount in controversy in this case. One can reasonably infer from the allegations of Clemons's complaint that an amount in excess of the jurisdictional minimum is in controversy. Clemons alleges that as a result of using Vancomycin he suffered a painful rash, renal failure and multiple organ failure, and had to be hospitalized for at least six weeks, and he demands a wide range of damages, including compensatory damages for past and future medical expenses, past and future lost wages, and pain and suffering, punitive damages, and attorney's fees. In light of these claimed damages, it is possible – even probable – that the amount in controversy in this case exceeds the jurisdictional minimum for diversity purposes. *See, e.g., Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006); *Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 317-18 (7th Cir. 1996). However, the Court prefers not to speculate about issues that concern its subject matter jurisdiction, which, after all, "must be a matter of certainty and not of probabilities (however high)[.]" *Newsom v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-954-GPM, 2010 WL 415388, at *3 (S.D. Ill. Feb. 1, 2010). Accordingly, the Court will order Clemons to amend his complaint to allege that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.[1]

---

1. An allegation of the jurisdictional amount in controversy in the form recommended by the Federal Rules of Civil Procedure would be entirely acceptable to the Court, e.g., "The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332." Form 7, Appendix of Forms, Fed. R. Civ. P. *See also Frakes v. B & J Food Serv. Equip. of Mo., Inc.*, Civil No. 10-247-GPM, 2010 WL 1418567, at *3 n.2 (S.D. Ill. Apr. 7, 2010).

To conclude, Clemons is hereby **ORDERED** to file an amended complaint to correct the defect in his pleading of federal subject matter jurisdiction identified in this Order on or before Friday, June 4, 2010. Failure to file an amended complaint as herein ordered will result in the dismissal of this case for lack of federal subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Ball v. Morgan Stanley & Co.*, Civil No. 09-406-GPM, 2009 WL 1708791, at **1-2 (S.D. Ill. June 17, 2009); *Ball v. Southwest Fiduciary, Inc.*, Civil No. 09-194-GPM, 2009 WL 1708764, at *2 (S.D. Ill. June 17, 2009).[2]

**IT IS SO ORDERED.**

DATED: May 26, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

2. As a final matter, the Court notes that the jurisdictional allegations of Clemons's amended complaint should not be made "on information and belief." *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006).